Debtor   **Alaisea Matavao**

United States Bankruptcy Court for the Middle District of Tennessee

Case number: _____

☐ Check if this is an amended plan

_____

# Chapter 13 Plan

## Part 1: Notices

To Debtor(s): This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

To Creditors: Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

*Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☒ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☒ Debtor 1 | $1409.00 | Monthly | 60 months | ☒ Debtor will make payment directly to trustee |

2.2 **Income tax refunds and returns.** *Check all that apply.*

☒ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

2.3 **Additional payments.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.3 need not be completed or reproduced*

2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $ 87,540.00

## Part 3: Treatment of Secured Claims

Debtor    **Alaisea Matavao**                                    Case number _____

### 3.1 Maintenance of payments and cure of default. *Check one.*

[X] Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claimholder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| Shellpoint Mortgage | Residence | $ 752.83 | Prepetition: $ 13,204.46  Gap payments: $ 1,505.66  Last month in gap: July | 0% | $ All Funds |

### 3.2 Request for valuation of security and claim modification. *Check one.*

[X] For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed *Value securing claim*. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim amount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The amount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:
(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| Aqua Finance | $ 4,716.81 | Windows | $ 5,000 | $ 0 | $ 5,000 | 4% | $ 87.00 |
| Capital One Auto | $ 16,847.00 | 2011 Honda (2011) | $ 8,000 | $ 0 | $ 8,000 | 4% | $ 148.00 |

Debtor **Alaisea Matavao**         Case number _____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Santander Consumer | $ 5,368.00 | 2005 Jeep (2005) | $ 3,000 | $0 | $ 3,000 | 4% | $56.00 |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Debtor   **Alaisea Matavao**                                              Case number _____

### 3.5 Surrender of collateral. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)

### 4.1 Attorney's fees.

The balance of fees owed to the attorney for the debtor(s) is estimated to be $ 3,500.00. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. *Check one.*

☒ The attorney for the debtor(s) shall receive available funds.

### 4.2 Domestic support obligations.

(a) **Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.*

(b) **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.*

### 4.3 Other priority claims. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims and Postpetition Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☒ **0%** of the total amount of these claims.

### 5.2 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

Debtor  <u>Alaisea Matavao</u>   Case number _____

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

Debtor     **Alaisea Matavao**                                        Case number _____

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Order of Distribution of Available Funds by Trustee

7.1 The trustee will make monthly disbursements of available funds in the order specified. *Check one*

☒ Alternative order of distribution:
   a. Secured Claims
   b. Attorney's Fees
   c. Arrearage Claims
   d. Unsecured Claims
   e. 1305 Claims
   *Insert additional lines as needed.*

| Debtor | Alaisea Matavao | Case number _____ |
|---|---|---|

## Part 8: Vesting of Property of the Estate

8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. *Check the applicable box to select an alternative vesting date:*

☒ other: Discharge

## Part 9: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Nonstandard provisions must be set forth below.*
*These plan provisions will be effective only if the applicable box in § 1.3 is checked.*

Mortgage language

1. Trustee and/or debtor retain the right to pursue any causes of action for the benefit of the debtor and/or the estate- including avoidance and recovery actions and actions that would upset the liens of creditor treated as secured under the confirmed plan.

2. Confirmation of this Plan shall impose upon any claimholder treated under paragraph 3(c) above and, holding as collateral, the debtor's residence, the obligation to:

    a. Apply the payments received from the Trustee on preconfirmation arrearages only to such arrearages. For purposes of this Plan, the "preconfirmation" arrears shall include all sums included in the allowed proof of claim plus any postpetition preconfirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

    b. Treat the mortgages obligation as current at confirmation such that future payments if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

The Trustee may adjust the post-petition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

The Trustee is authorized to pay any post-petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. And as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

Creditors not advising the Trustee of change of address may be deemed to have abandoned claim.

## Part 10: Signatures:

✘ /s/ Alaisea Matavao        Date June 9, 2017

**Signature of Attorney for Debtor(s)**

✘ /s/ Robert H. Moyer         Date June 9, 2017

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.